Michael A. Geibelson, Bar No. 179970
MAGeibelson@rkmc.com
Amy M. Churan, Bar No. 216932
AMChuran@rkmc.com
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2049 Century Park East, Suite 3400
Los Angeles, CA  90067-3208
Telephone:  310-552-0130
Facsimile:  310-229-5800

Attorneys for Plaintiff
BEST BUY STORES, L.P.

KATHLEEN E. FINNERTY (SBN 157638)
RAY A. SARDO (SBN 245421)
GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, California  95814
Telephone: (916) 442-1111
Facsimile:  (916) 448-1709
finnertyk@gtlaw.com, sardor@gtlaw.com

Attorneys for Defendant
MANTECA LIFESTYLE CENTER, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| BEST BUY STORES, L.P., a Virginia limited partnership,<br><br>Plaintiff,<br><br>v.<br><br>MANTECA LIFESTYLE CENTER, LLC. a Delaware limited liability company,<br><br>Defendant. | Case No.  2:10-CV-00389-WBS-KJN<br><br>**JOINT STIPULATION AND PROPOSED ORDER FOR DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

/ / /

/ / /

# STIPULATION FOR DISCOVERY OF ELECTRONICALLY STORED INFORMATION

Pursuant to Rule 26(f)(3) of the Federal Rules of Civil Procedure, the parties to this lawsuit agree that discovery of Electronically Stored Information ("ESI") will be handled as follows:

## I.     FORM OF PRODUCTION

### A.     Paper Documents

1. Documents responsive to discovery requests available in paper format will be produced as black-and-white, single page, 300 DPI, CCITT TIFF Group IV images, with page breaks at document end, with a load file indicating document composition.

   a. Paper documents, which include color and the inclusion of color impacts the interpretation of the document, will be produced in color in JPG format. If the receiving party desires production of any additional documents in color, such color production will be promptly rendered at the receiving party's expense.

   b. All paper color photographs will be produced as color JPG files, rather than Tiff format. If the photograph is stored in a native file format other than color JPG, the parties will produce the documents in that format and a color JPG.

   c. Each image produced shall be given a unique file name which will identify the Bates numbers of the pages contained therein. The Bates number must appear on the face of each image (e.g., BATES000001). The Bates prefix shall be in all capital letters. There shall be five (5) leading zeros after the letter prefix with no space between the letter prefix and numbers. Each production bearing a different letter prefix will begin with the number 1 after the five leading zeros and continue consecutively thereafter.

   d. When scanning paper documents, distinct documents should not be merged into a single record, and single documents should not be split into

multiple records (*i.e.*, paper documents should be logically unitized). The parties will make their best efforts to have their vendors unitize documents correctly and will promptly address situations where there are improperly unitized documents.

    e.    OCR. Single-page OCR text files will be provided. Each file will be named using its corresponding image file name (e.g., BATES000001.TXT). The Bates number for each page should be included within markers at the top, on the line before the OCR text starts for that page. (Example <<ABC000001>>).

    f.    Database Load Files/Cross-Reference Files. Documents should be provided with (1) a Concordance delimited file and (2) an Opticon delimited file.

<u>Example of Opticon Delimited File:</u>

```
MSC000001,MSC001,D:\IMAGES\001\MSC000001.TIF,Y,,,3
MSC000002,MSC001,D:\IMAGES\001\MSC000002.TIF,Y,,,,
MSC000003,MSC001,D:\IMAGES\001\MSC000003.TIF,Y,,,,
MSC000004,MSC001,D:\IMAGES\001\MSC000004.TIF,Y,,,2
MSC000005,MSC001,D:\IMAGES\001\MSC000005.TIF,Y,,,,
```

<u>Example of Concordance Delimited File</u> :

þBegDocþþEndDocþþBegAttachþþEndAttachþþCustodianþ

    g.    Parent-child relationships (the association between an attachment and its parent document) shall be preserved wherever possible.

    h.    Documents will be produced on CD-ROM or DVD disks or on portable hard drives, at the producer's discretion.

2.    Each party shall bear its own costs of producing relevant paper documents in its possession or control, subject to each party's right to seek cost shifting or cost sharing pursuant to Federal Rule of Civil Procedure 26(b)(2)(C)(iii).

**B.**    **Electronically Stored Information (ESI)**

1.    **ESI**: ESI shall be produced as follows-

a. As black-and-white, single page, 300 DPI, CCITT TIFF Group IV images, with page breaks at document end, with a load file indicating document composition.

b. Electronic documents, which include color and the inclusion of color impacts the interpretation of the document, will be produced in color in JPG format. If the receiving party desires production of any additional documents in color, such color production will be rendered at the receiving party's expense.

c. All color photographs will be produced as color JPG files, rather than Tiff format. If the photograph is stored in a native file other than color JPG, the parties will produce the documents in that format and a color JPG.    d. Each image, TIFF or JPG, shall have a unique file name which will identify the Bates numbers of the pages contained therein. The Bates number must appear on the face of each image (e.g., BATES000001). The Bates prefix shall be in all capital letters. There shall be five (5) leading zeros after the letter prefix with no space between the letter prefix and numbers. Each production bearing a different letter prefix will begin with the number 1 after the five leading zeros and continue consecutively thereafter.

e. The parties agree to provide only the following documents in native file format:

>  1. Spreadsheets, including Excel, Lotus 123, .CSV and other Excel-like spreadsheets, kept in the normal course of business will be produced in native format, except where reduction to a TIFF image is essential to preserve one or more legitimate privileges.

>  2. All color photographs will be produced in their native format as color JPG files. If the photograph is stored in a native file format, other than color JPG, the parties will produce the documents in that format and a color JPG.

3. Following the production, the parties agree to discuss specific additional documents to be produced in native file format. The agreement not to demand native file format production for all documents from the outset, shall not prejudice either party from requesting or obtaining native file format production where a showing of need can be made.

4. The parties agree to discuss the proper format of native files in the event redaction is necessary including when the production to a TIFF image is essential to preserve one or more legitimate privileges.

5. These native files will be produced in the document's original format, with each native file re-named to include the production number beginning with the first Bates number (e.g. BATES000001ACCOUNTINGINFO.XLS). The Bates prefix shall be capital letters. There shall be five (5) leading zeros after the letter prefix with no space between the letter prefix and numbers. The original title of the document shall be included in the Bates number, after the last of the numbers as set forth above, with no space between the last number and the title of the document.

f. Database Load Files/Cross-Reference Files. Documents should be provided with (1) a Concordance delimited file and (2) an Opticon delimited file.

Example of Opticon Delimited File:

```
MSC000001,MSC001,D:\IMAGES\001\MSC000001.TIF,Y,,,3
MSC000002,MSC001,D:\IMAGES\001\MSC000002.TIF,Y,,,,
MSC000003,MSC001,D:\IMAGES\001\MSC000003.TIF,Y,,,,
MSC000004,MSC001,D:\IMAGES\001\MSC000004.TIF,Y,,,2
MSC000005,MSC001,D:\IMAGES\001\MSC000005.TIF,Y,,,,
```

<u>Example of Concordance Delimited File</u> :

þBegDocþþEndDocþþBegAttachþþEndAttachþþCustodianþ

      g.    Text Files. For each document, a document-level text file should be provided in addition to the TIFFs. The text of native files should be extracted directly from the native file and each text file will be named using its corresponding image files (e.g., BATES000001.TXT). Documents for which text cannot be extracted will be produced with OCR.

      h.    Parent-child relationships (the association between an attachment and its parent document) should be preserved.

      i.    Non-Convertible Files: Certain types of files such as system, program, and sound files may not be amenable to conversion into anything meaningful in TIFF format. These will be produced in the form of a placeholder TIFF image. Other files may not be able to be converted to TIFF due to password protection or corruption (for example). If reasonable efforts to obtain useful TIFF images of these files are unsuccessful, these will also be accounted for with a placeholder image. Some examples of file types that may not convert include file types with the following extensions: *.exp *.ilk *.res *.trg *.tlh *.idb *.pdb *.pch *.opt *.lib *.cab *.mov *.mp3 *.swf *.psp *.chi *.chm *.com *.dll *.exe *.hlp *.ivi *.ivt *.ix *.msi *.nls *.obj *.ocx *.rmi *.sys *.tmp *.ttf *.vbx *.wav *.wpg *.iso *.pdb *.eps *.mpeg *.mpg *.ram *.rm *.psd *.ai *.aif *.bin *.hqx *.snd *.mpe *.wmv *.wma *.xfd *

      j.    TIFF Placeholder: Non-Convertible Files will be produced in the form of a placeholder TIFF image.

      k.    Documents will be produced on CD-ROM or DVD disks or on portable hard drives, at the producer's discretion.

    2.    **Metadata**: The parties agree to produce the following metadata for electronic documents: (1) Custodian or Source, (2) MD5-HASH information, and

(3) TO (4) FROM (5) CC and BCC (6) CREATE DATE and LAST MODIFIED DATE (7) SUBJECT and (8) FILE PATH, to the extent this information exists. Metadata pertaining to time/date will be maintained in the time zone they were originally created.

3.  **Costs:**  Each party shall bear its own costs of producing relevant ESI documents in its possession or control, subject to each party's right to seek cost shifting or cost sharing pursuant to Federal Rule of Civil Procedure 26(b)(2)(C)(iii).

## II.  ACCESSIBLE AND INACCESSIBLE ESI

Pursuant to Rule 26(b)(2)(B) of the Federal Rules of Civil Procedure, the parties identify the following accessible and inaccessible ESI:

1.  **Accessible ESI**: Each party represents that it has taken reasonable steps to preserve reasonably accessible sources of ESI. Reasonably accessible sources of ESI include active e-mail accounts and archived e-mail accounts stored on computer networks or hard drives, shared network drives, workstation or laptop hard drives, and portable drives/media, including external hard drives, zip drives, CD-ROM and DVD disks, and USB Flash Drives/Jump Drives. Each party will conduct a diligent search of those reasonably accessible sources in which it has reason to believe relevant ESI responsive to discovery requests will be found.

2.  **Inaccessible ESI**:  Contingent upon each party's compliance with the obligations set forth in Paragraph 6, the parties agree that the circumstances of this case do not warrant the broad preservation, review, or production of ESI that is not reasonably accessible because it is unlikely that significant relevant information would be located in those sources that is not otherwise available in reasonably accessible sources. Moreover, that remote possibility is substantially outweighed by the burden and cost of preservation and/or review and production of ESI from these sources.  The parties agree that the following ESI is not reasonably accessible, unless and until it determines that documents not produced in response to document

requests may in fact exist in such media as is defined below, subject to a motion for cost shifting:

- Backup Tapes;
- Voicemail; (if not stored in the ordinary course of business)
- Instant Messaging; (if not stored in the ordinary course of business)
- Calendar entries and attachments;
- Legacy Data;
- Residual, fragmented, shadowed, damaged, permanently deleted, slack and unallocated data;
- Handheld PDA-type devices, including cell phones, whether or not network enabled;
- Employees' personal home computers, unless utilized for work purposes;
- Copy or fax machines

### III.  RIGHT TO REQUEST ADDITIONAL INFORMATION

1. The agreements set forth herein are without prejudice to the right of a requesting party to request additional information about specific ESI, including sources of ESI previously identified as "inaccessible ESI" in paragraph 7, if that party can demonstrate that material, relevant, and responsive information that is not otherwise cumulative of information already produced can only be found through such additional efforts. The parties will negotiate in good faith with regard to whether such additional efforts are reasonably required and, if so, who should bear the cost, with the Court to resolve such disputes if agreement cannot be reached.

### IV.  INADVERTENT PRODUCTION OF DOCUMENTS.

1. A party or non-party may request through counsel the return of any document ("Notice of Recall") that it inadvertently produced by identifying the Inadvertently Produced Privileged Document and stating the basis for withholding

such document from production within five (5) business days of discovery of the inadvertent production.

      a.    The producing party shall add the subject document to its privilege log and provide the updated Privilege Log to the receiving party within five (5) days of return of the recalled document by the receiving party.

      b.    In the event that only a portion of a document is privileged, the producing party must produce a newly redacted copy of the document within five (5) business days of the discovery of the inadvertent production.

      c.    Once the Notice of Recall is given by the producing party, the receiving party shall promptly return all copies of the recalled document or confirm in writing that all copies have been destroyed.

      d.    The return of an Inadvertently Produced Document does not preclude the receiving party from disagreeing with the designation of the document as privileged or redacted and re-produced and bringing a Motion to Compel its production pursuant to the Federal Rules of Civil Procedure.

      e.    The receiving party may retain one (1) copy of the recalled document, maintained under seal, for submission to the court should a motion be required to challenge privilege.

2.    Should any party identify a privileged or potentially privileged document or documents in the documents produced by its opposing party, that party shall immediately notify the attorney for that opposing party that it may have inadvertently produced a privileged or potentially privileged document. The identifying party shall offer the return of the potentially privileged document subject to the informing party's right to move the court for an order that the producing party has waived its privilege with regard to said document or documents under Federal Rule of Civil Procedure 502. The receiving party may retain one (1)

copy of the recalled document, maintained under seal, for submission to the court should a motion be required to challenge privilege.

3. The parties hereby agree that, though a document may have been exchanged between counsel prior to the commencement of the litigation, the parties will re-produce any such documents in the course of discovery in the litigation pursuant to the protocol set forth herein.

DATED: November 9, 2010        **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By: /s/ Michael A. Geibelson
       Michael A. Geibelson

**ATTORNEY FOR PLAINTIFF
BEST BUY STORES, L.P.**

DATED: November 9, 2010        **GREENBERG TRAURIG, LLP**

By: /s/ Kathleen E. Finnerty
       Kathleen E. Finnerty

**ATTORNEY FOR DEFENDANT
MANTECA LIFESTYLE CENTER, LLC**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| BEST BUY STORES, L.P., a Virginia limited partnership,<br><br>         Plaintiff,<br><br>v.<br><br>MANTECA LIFESTYLE CENTER, LLC. a Delaware limited liability company,<br><br>         Defendant. | Case No.  2:10-CV-00389-WBS-KJN<br><br>**ORDER ON STIPULATION FOR DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

## **ORDER**

Based on the foregoing Stipulation, ~~and good cause appearing therefore~~, the Court hereby adopts the foregoing provisions of the Stipulation as an Order governing the discovery of electronically stored information in this litigation.

Dated: November 12, 2010

                               /s/ Kendall J. Newman
                               KENDALL J. NEWMAN
                               UNITED STATES MAGISTRATE JUDGE