KATHLEEN E. FINNERTY (SBN 157638)
RAY A. SARDO (SBN 245421)
GREENBERG TAURIG, LLP
1201 K Street, Suite 1100
Sacramento, California 95814
Telephone: (916) 442-1111
Facsimile: (916) 448-1709
finnertyk@gtlaw.com; sardor@gtlaw.com

Attorneys for Defendant
MANTECA LIFESTYLE CENTER, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| BEST BUY STORES, L.P., a Virginia limited partnership,<br><br>    Plaintiff,<br><br>v.<br><br>MANTECA LIFESTYLE CENTER, LLC, a Delaware limited liability company<br><br>    Defendant. | CASE NO. 2:10-CV-00389-WBS-KJN<br><br>[**PROPOSED**] REVISED<br>**STIPULATED PROTECTIVE ORDER** |

### 1. PURPOSES AND LIMITATIONS.

Pre-trial disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted.

The types of information eligible for pre-trial protection under the order are as follows:

a).   Internal sales, costs and profit projections and non-public financial records for highly competitive retail stores. These records are highly proprietary and protection of this information as Highly Confidential is very important to the competitive position of Plaintiff. Protection by way of a court order is appropriate so that there is a prompt mechanism to extract any designated documents from public disclosure, whether inadvertent or otherwise.

b).   Internal negotiations of rental rates, CAM charges and other property related charges, all of which are highly proprietary and if disclosed to third parties could harm the landlord tenant relations of Plaintiff and Defendant and its tenants, and serve to harm both Plaintiff and Defendant in their very competitive marketplaces. Protection by way of a court

order is appropriate so that there is a prompt mechanism to extract any designated documents from public disclosure, whether inadvertent or otherwise

   c).   Internal construction costs, mark-ups, scheduling and strategic planning regarding project development projections in both Plaintiff and Defendant's highly competitive marketplaces. These records are highly proprietary and protection of this information as Highly Confidential is very important to the competitive position of both Plaintiff and Defendant. Protection by way of a court order is appropriate so that there is a prompt mechanism to extract any designated documents from public disclosure, whether inadvertent or otherwise.

   d).   Internal drafts of marketing materials and meeting notes, and non-public organizational structures of Plaintiff and Defendant, much of which is never made public, but which reveals internal strategic processes used by the parties in their marketing campaigns and strategic operation of their businesses. These records are highly proprietary and protection of this information as Highly Confidential is very important to the competitive position of Plaintiff and Defendant. Protection by way of a court order is appropriate so that there is a prompt mechanism to extract any designated documents from public disclosure, whether inadvertent or otherwise

   e).   Leases, amendments to leases, letters of intent, memoranda of leases, rent calculations, proformas, internal lease negotiations. These records are highly proprietary in the highly competitive retail market and protection of this information as Confidential is very important to the competitive position of Plaintiff and Defendant. Protection by way of a court order is appropriate so that there is a prompt mechanism to extract any designated documents from public disclosure, whether inadvertent or otherwise.

   Accordingly, the parties hereby stipulate and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it afford extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10 below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal.

   **2.   DEFINITIONS.**

   2.1.   <u>Party</u>:  any party to this action, including all of its officers, directors, employees consultants, retained experts, and outside counsel (and their support staff).

   2.2.   <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony

///

transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3.  "CONFIDENTIAL" Information or Items:  information (regardless of the form in which it is generated, stored, or maintained) or tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c).

2.4.  "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" Information or Items:  extremely sensitive Confidential Information or Item whose disclosure to another Party or Non-Party would create a substantial risk of serious injury that cannot reasonably be avoided by less restrictive means.

2.5.  Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6.  Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.7.  Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

2.8.  Protected Material:  any Disclosure or Discovery Material that is designated as CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

2.9.  Outside Counsel:  attorneys who are not employees of a Party, but who are retained to represent or advise a Party in this action.

2.10.  House Counsel:  attorneys who are employees of a Party.

2.11.  Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12.  Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a

/ / /

competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.14. <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**3. SCOPE.**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**4. DURATION.**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5. DESIGNATING PROTECTED MATERIAL.**

5.1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material documents, items, or oral or written communications that qualify — so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's attention that information or items that it designated for protection do not qualify for the level of protection initially asserted, that Party shall promptly notify all other parties that it is withdrawing the mistaken designation.

5.2. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the top of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY").

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated what material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must, within a reasonable time after the designation, determine which documents, or portions thereof qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for

///

5   Case No. 2:10-CV-00389-WBS-KJN
[PROPOSED] REVISED STIPULATED PROTECTIVE ORDER
CHI 60,404,470v1 10-21-10

each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY").

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or Non-Party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or Non-Party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days after receipt of the deposition transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY."

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions specifying whether they qualify as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

5.3.    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES. ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS.**

6.1.    <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with the specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances and, if no change in designation is offered, to explain the basis for the

///

chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3. <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality with 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements of the preceding paragraph. Failure by the Designating Party to make such a motion, including the required declaration within 21 days (or 14 days, if applicable), shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL.**

7.1. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has

///

[PROPOSED] REVISED STIPULATED PROTECTIVE ORDER
CHI 60,404,470v1 10-21-10

been terminated, a Receiving Party must comply with the provisions of section 11 below(FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2. <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" that is attached hereto a Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation, and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

///

///

       (g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed of or knew of the document or the original source of the information.

    7.3.    <u>Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

       (a)    the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation, and who have signed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A;

       (b)    Designated House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit "A").

       (c)    experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation and (2) who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A)

       (d)    the Court and its personnel;

       (e)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation, and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A); and

       (f)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed of knew of the document or the original source of the information.

**8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party in writing (by electronic mail, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is subject to this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena **or** order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burden and the expenses of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### 9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.**

If a Receiving Party learns that by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Bound" that is attached hereto as Exhibit A.

### 10. **FILING PROTECTED MATERIAL.**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material may only do so pursuant to a court order authorizing the sealing of the specific Protected Material at issue. A sealing

order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the Protected Material in the public record, pursuant to applicable Local Rules, unless otherwise instructed by the court.

**11.     FINAL DISPOSITION.**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected. Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth Section 4 (DURATION), above.

**12.     MISCELLANEOUS.**

12.1.   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to see its modification by the Court in the future.

12.2.   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly no

/ / /

Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: November 9, 2010


/s/ Amy M. Churan (as authorized on 11/9/10)
Attorney for Plaintiff/Cross-Defendant
Best Buy Stores, L.P.


DATED: November 9, 2010


/s/ Kathleen E. Finnerty
Kathleen E. Finnerty
Attorney For Defendant/Counter-Complainant
Manteca Lifestyle Center, LLC

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED:   November 12, 2010


        /s/ Kendall J. Newman

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on \_\_\_\_, 2010 in the case of _____, Case No. _____. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ of _____ as my California agent for service of process in connection with this action or an proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed:  _____

Printed name:       _____

              [printed name]

Signature: _____

              [signature]