Michael A. Geibelson, Bar No. 179970
MAGeibelson@rkmc.com
Amy M. Churan, Bar No. 216932
AMChuran@rkmc.com
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2049 Century Park East, Suite 3400
Los Angeles, CA  90067-3208
Telephone:    310-552-0130
Facsimile:    310-229-5800

Attorneys for Plaintiff
BEST BUY STORES, L.P.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| BEST BUY STORES, L.P., a Virginia limited partnership,<br><br>Plaintiff,<br><br>v.<br><br>MANTECA LIFESTYLE CENTER, LLC. a Delaware limited liability company,<br><br>Defendant. | Case No.  2:10-CV-00389-WBS-KJN<br><br>**JOINT STIPULATION TO EXTEND DISCOVERY CUT-OFF FOR THE LIMITED PURPOSE OF:**<br><br>**1.  MSTSD, INC., DOCUMENT PRODUCTION AND POSSIBLE PMK DEPOSITION**<br><br>**2.  PRUDENTIAL INSURANCE COMPANY OF AMERICA'S DOCUMENT PRODUCTION AND POSSIBLE  PMK DEPOSITION**<br><br>**3.  KERASOTES THEATER'S DOCUMENT PRODUCTION**<br><br>**4.  BASS PRO'S DOCUMENT PRODUCTION** |
| MANTECA LIFESTYLE CENTER, LLC<br><br>Counter-Claimant<br><br>v.<br><br>BEST BUY STORES, L.P., a Virginia limited partnership,<br><br>Counter-Defendant | |

Plaintiff BEST BUY STORES, L.P., ("Best Buy") and Defendant MANTECA LIFESTYLE CENTER, LLC ("Manteca"),  collectively referred to as the "Parties" by and through their respective undersigned counsel, hereby stipulate and agree as follows:

IT IS HEREBY STIPULATED AND AGREED by the stipulating parties:

1. The parties have been diligently working together and with third parties to finalize the document productions and depositions before the close of discovery on October 31, 2011.

2. Despite the parties' best efforts, there remain four document productions that are not capable of being completed before the discovery deadline.

3. Best Buy therefore requests, and Manteca agrees, to a limited extension of the discovery deadline as it relates to the following four issues only:

**A.     MSTSD, Inc. Document Production and Possible PMK Deposition**

4. On August 3, 2011, Best Buy served third-party MSTSD, Inc. ("MSTSD"), the architect for the Shopping Center, with a Subpoena Duces Tecum for the production of documents ("MSTSD" Subpoena"). The date specified for production was August 19, 2011

5. On August 15, 2011, MSTSD brought a Motion for a Protective Order in the United States District Court, Northern District of Georgia. Previously, Manteca brought a Motion for a Protective Order in the United States District Court for the Eastern District of California.

6. Throughout August and September, 2011, Best Buy's and Manteca's counsel had numerous communications with counsel for MSTSD, Patrick Phillips of Greenfield, Bost & Kliros, regarding the scope of the production, the costs for production, and the need for the documents to be protected as confidential pursuant to a protective order. During this time, counsel for MSTSD worked with his client to gather the project files and streamline the culling and collection of relevant emails and documents.

7. The parties worked with MSTSD to narrow the scope of the production, cover the costs for production, and protect MSTSD documents as confidential. The parties agreed to an Amended Protective Order to cover the MSTSD production of documents and counsel for MSTSD was provided with a copy of the signed order on September 29, 2011. MSTSD withdrew its Motion for a Protective Order on September 30, 2011. Previously, Manteca also agreed to withdraw its Motion for a Protective Order with respect to the MSTSD Subpoena.

8. On or about October 4, 2011, counsel for MSTSD, Patrick Phillips of Greenfield,

Bost & Kliros confirmed that he would be forwarding to plaintiff's counsel a hard drive containing the first round of MSTSD documents. At that same time he confirmed that an outside vendor, Net-Tech, Inc., would be responsible for culling and collecting the MSTSD emails from the MSTSD server.

9. On October 13, 2011 plaintiff's counsel contacted Mike Dowd at Net-Tech requesting a status update on the e-mail data collection from MSTSD, Inc. On October 17, 2011 plaintiff's counsel received a confirming e-mail from Mike Dowd stating that work had begun on the project and he expected to have output sometime next week (i.e., week of October 24, 2011) and would be in contact when he had something deliverable.

10. On October 25, 2011, MSTSD's counsel confirmed that he had received the outstanding documents from Net-Tech and would produce the documents following his review for attorney client privilege on November 3, 2011.

11. Based on the facts set forth above, the parties have agreed that Best Buy will have until November 17, 2011 (two weeks from the date of receipt of the MSTSD documents) to determine the necessity of taking the deposition of the Person Most Knowledgeable at MSTSD and to notice that deposition upon reasonable notice if necessary to be conducted by December 1, 2011, unless the parties agree otherwise.

**B.      The Prudential Insurance Company of America Document Production and Possible PMK Deposition**

12. On September 29, 2011 Plaintiff served on Defendant a Notice of Subpoena in a Civil Case for the Prudential Insurance Company of America ("Prudential"). Attached thereto was a copy of the Subpoena Duces Tecum which was to be served on Prudential requesting records from Prudential. On October 7, 2011 third-party Prudential was personally served with the Subpoena Duces Tecum.

13. The date specified for Prudential's production was set for October 11, 2011.

14. On October 4, 2011, defense counsel requested an extension of time to produce the Prudential documents, from October 11, 2011 to October 25, 2011.

15. On October 7, 2011, Plaintiff's counsel contacted defense counsel and requested that the parties reserve October 27, 2011 as a potential date for the deposition of the person most knowledgeable at Prudential. Plaintiff's counsel explained that the deposition may not be necessary, but that this determination could not be made until after review of the Prudential documents.

16. On October 11, 2011 defense counsel served Prudential's Objections and Responses to Subpoena.

17. On October 20, 2011 plaintiff and defense counsel met and conferred regarding the documents being sought in plaintiff's third party subpoena to Prudential. Defense counsel advised that Prudential was searching for responsive electronic documents and that it hoped to have the results of its search completed the following week. Given the parties' deposition schedule the week of October 24, 2011 and Prudential/defense counsel's need to finalize the review of the Prudential documents prior to production, it is unlikely that the production can be completed prior to the discovery deadline, October 31, 2011.

18. Defense counsel has agreed to produce the Prudential documents by November 15, 2011.

19. Based on the facts set forth above, counsel have agreed that Best Buy Stores, L.P. will have until November 30, 2011 to determine the necessity of taking the deposition of the Person Most Knowledgeable at Prudential and to notice that deposition upon reasonable notice if necessary to be concluded by December 15, 2011, unless the parties agree otherwise.

**C.** **Kerasotes Document Production**

20. On August 2, 2011, Best Buy served third-party Kerasotes Theater with a Subpoena Duces Tecum for the production of documents. The date specified for production was August 19, 2011.

21. Counsel for Kerasotes Theater has requested, and the parties agree to, an extension of time for Kerasotes to determine whether it will sign a verification that it has no further documents than those produced by Manteca or to produce any additional responsive

documents on or before November 15, 2011 relating to the 8 key topics (LOIS, phases/sections, tenants mix, timing/delay of construction, shopping center, gla/square footage, outlet stores, certificates of occupancy).

### D.    Bass Pro Production

22.    On August 1, 2011, Best Buy served third-party Bass Pro with a Subpoena Duces Tecum for the production of documents. The date specified for production was August 19, 2011.

23.    The parties agreed to a Joint Stipulation to Amend the November 12, 2010 Protective Order, to extend the confidentiality protections of the Protective Order to the production of Bass Pro documents. The Court ordered this Joint Stipulation on October 20, 2011.

24.    On October 19, 2011, Bass Pro, through Manteca's counsel produced the Bass Pro Lease and Letter of Intent.

25.    After meeting and conferring with Manteca's counsel, Manteca agreed to review its records and to coordinate with Bass Pro to determine if there were any other records (hard copy or electronic) relating to the 8 key topics (LOIS, phases/sections, tenants mix, timing/delay of construction, shopping center, gla/square footage, outlet stores, certificates of occupancy) and, if there are such documents, produce said documents by November 15, 2011.

### E.    Conclusion

26.    The parties agree that this extension of the third party discovery listed above does not extend the date for any other discovery in the matter and discovery is closed.

27.    The parties agree that this extension of third party discovery does not extend or change any of the pre-trial dates set by the Order Approving Stipulation to Amend the Status (Pretrial Scheduling) Order dated March 4, 2011.

| | |
|---|---|
| DATED: October 31, 2011 | **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.** |
| | By: /s/ Amy M. Churan |
| |     Michael A. Geibelson |
| |     Amy M. Churan |
| | **ATTORNEY FOR PLAINTIFF** |
| | **BEST BUY STORES, L.P.** |
| | |
| DATED: October 31, 2011 | **GREENBERG TRAURIG, LLP** |
| | By: /s/ Howard Jeruchimowitz |
| |     Howard Jeruchimowitz |
| | **ATTORNEY FOR DEFENDANT** |
| | **MANTECA LIFESTYLE CENTER, LLC** |

**PURSUANT TO STIPULATION, IT IS SO ORDERED.[1]**

**DATED:  November 2, 2011**

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] The Status (Pretrial Scheduling) Order gives the magistrate judge the authority to hear and decide requests to modify the dates or terms therein, except for requests to change the trial date.  (Dkt. No. 24 at 5.)