1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10    BEST BUY STORES, L.P., a Virginia
      Limited Partnership,
11
                  Plaintiff,                    No. 2:10-cv-00389 WBS KJN
12
            v.
13
      MANTECA LIFESTYLE CENTER,
14    LLC,

15                Defendant.              ORDER
      _____/
16

17            On April 24, 2012, defendant filed a motion to compel a further deposition of

18    plaintiff and responses to requests for production, which relate to recent closures of certain Best

19    Buy Stores (Dkt. No. 164).  For the reasons stated below, the undersigned denies defendant's

20    motion to compel without prejudice and vacates the May 10, 2012 hearing date noticed by

21    defendant.[1]

22            As an initial matter, the undersigned drops defendant's motion to compel from the

23    court's May 10, 2012 civil law and motion calendar because defendant defectively noticed its

24    motion.  Specifically, defendant only provided 16 days of notice despite the fact that Local

25    _____

26            [1]  This case was referred to the undersigned pursuant to Eastern District of California Local
      Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

1    Rule 251(a) requires "at least 21 days" of notice.  Defendant has not argued that its motion falls

2    within an exception to the 21-day notice requirement provided in Local Rule 251(e).

3              Additionally, the undersigned denies defendant's motion to compel without

4    prejudice because defendant essentially admits that it did not meet and confer with plaintiff

5    before filing its motion.  Local Rule 251(b) provides that discovery motions will not be heard

6    unless "the parties have conferred and attempted to resolve their differences," and that "[c]ounsel

7    for all interested parties shall confer in advance of the filing of the motion or in advance of the

8    hearing of the motion in a good faith effort to resolve the differences that are the subject of the

9    motion."  Defendant asserts, with no reliance on documents or a declaration, that plaintiff

10   "rejected any attempt by [defendant] to re-open or extend discovery to obtain [the] information"

11   that is the subject of this discovery dispute.  (Mot. to Compel at 3.)  Instead of meeting and

12   conferring in good faith in advance of filing the present motion, defendant "filed this motion . . .

13   simultaneously with propounding discovery in an effort to expedite the resolution of this

14   discovery dispute."  (Id.)  Defendant offers the following as its unsubstantiated basis for side-

15   stepping the court's Local Rules: "Because [plaintiff] already has announced its refusal to

16   respond to any discovery by [defendant] on its store closures, and given that trial is scheduled to

17   begin June 12, 2012, [defendant] did not engage in the futile act of propounding discovery,

18   waiting 30 days, and then filing this motion."  (Id.)  Although defendant would like to have its

19   motion heard on its own preferred schedule, the Local Rules, and not defendant's preference,

20   govern the filing of motions in this court.  The undersigned notes that defendant did not follow

21   the approach authorized by Local Rule 251(a), which permits parties to have a discovery dispute

22   heard on seven days of notice.  See Local Rule 251(a) ("If the notice of motion and motion are

23   filed concurrently with the Joint Statement, the motion shall be placed on the next regularly

24   scheduled calendar for the Magistrate Judge or Judge hearing the motion at least seven (7) days

25   thereafter.").

26   ////

2

1        Accordingly, IT IS HEREBY ORDERED that defendant's motion to compel (Dkt.

2  No. 164) is denied without prejudice.

3        IT IS SO ORDERED.

4  DATED:  April 25, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE