IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BEST BUY STORES, L.P., a Virginia Limited Partnership,

    Plaintiff,

No. 2:10-cv-00389 WBS KJN

v.

MANTECA LIFESTYLE CENTER, LLC,

    Defendant.

ORDER

On May 15, 2012, defendant re-filed its motion to compel a further deposition of plaintiff and responses to requests for production regarding recent closures of certain Best Buy Stores (Dkt. No. 170), which had previously been denied without prejudice (Order, Apr. 26, 2012, Dkt. No. 166).[1]  Defendant noticed that motion for a June 7, 2012 hearing.[2]

With certain limited exceptions, discovery in this case closed on October 31, 2011, and trial is scheduled to begin before the district judge on June 12, 2012.  (See Second Am.

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

[2] Oddly, defendant seeks an order that, in part, requires plaintiff to produce documents on June 6, 2012, one day *prior* to the hearing on defendant's motion to compel.  (Mot. to Compel at 3.)

1

1  Final Pretrial Order at 8, Dkt. No. 169; see also Stip. & Order, Nov. 2, 2011, Dkt. No. 72; Order,
2  Aug. 4, 2011, at 2, Dkt. No. 56.)  Nevertheless, defendant recently filed its motion to compel,
3  citing the minutes of a final pretrial conference as authorizing defendant to file its motion beyond
4  the close of discovery.³  (See Mot. to Compel at 2 (citing Minutes, Apr. 16, 2012, Dkt. No. 158).)
5  Additionally, defendant represents that "[f]ollowing issuance of the Final Pretrial Order, the
6  parties agreed to a stipulation to amend Section X of the Final Pretrial Order on discovery to
7  include the language from the Minute Order."  (Id. (citing Joint Sugg. Modifications to Final
8  Pretrial Order, Dkt. No. 162).)  The parties' stipulation proposed the following modification in
9  regards to Section X of the Final Pretrial Order, addressed to "Further Discovery and Motions":
10 "Notwithstanding the foregoing, the Court grants leave to Defendant to reopen discovery and to
11 submit any discovery motions before the assigned Magistrate Judge, Kendall J, Newman."  (Joint
12 Sugg. Modifications to Final Pretrial Order at 2.)

13         Defendant's motion presents an incomplete procedural history in regards to the
14 purported reopening of discovery.  First, the minutes of the final pretrial conference relied on by
15 defendant, i.e., pertaining to the reopening of discovery, were not ultimately adopted in the Final
16 Pretrial Order or the Second Amended Final Pretrial Order.  (Compare Minutes, Apr. 16, 2012,
17 with Final Pretrial Order at 7, Dkt. No. 159, and Second Am. Final Pretrial Order at 7; see also
18 Pl.'s Objections to Apr. 25, 2012 Am. Final Pretrial Order, Dkt. No. 168.)⁴  In relevant part, the
19 Second Amended Final Pretrial Order provides:

20         X.    Further Discovery and Motions

21         Except for motions in limine, no further motions shall be brought
           before trial except upon order of the court and upon a showing of manifest

---

[3] Defendant incorrectly refers to the minutes of the final pretrial conference as a "minute order."  (See Mot. to Compel at 2.)

[4] Notably, the district judge struck, upon plaintiff's objection, language from the Amended Final Pretrial Order that permitted defendant to conduct additional discovery regarding the store closures at the heart of this dispute.  (Compare Am. Final Pretrial Order § X, Dkt. No. 165, with Second Am. Final Pretrial Order § X.)

> injustice. Fed. R. Civ. P. 16(e). *No further discovery will be permitted except by the express stipulation of all parties or upon order of the court and upon a showing of manifest injustice.* Id.

(Second Am. Final Pretrial Order at 7 (emphasis added).)  Also apparent from this portion of the Second Amended Final Pretrial Order is that the district judge did not adopt the parties' suggested modification of the Second Amended Pretrial Order quoted above.

Based on the foregoing, it is not readily apparent to the court that defendant is entitled to pursue additional discovery at this point in the litigation, with a potential deposition document production to occur within five days of the beginning of trial.  Accordingly, the parties are HEREBY ORDERED to specifically address the following issues in their Joint Statement re Discovery Disagreement: (1) whether the parties agree that defendant was entitled to serve discovery requests and a deposition notice without leave of court and is entitled to pursue its motion to compel outside of the close of discovery; and (2) what "manifest injustice" justifies permitting defendant to conduct additional discovery on the eve of trial, as required by the Second Amended Final Pretrial Order.  The court expects that the parties will present clearer and more complete, but nevertheless efficient, picture of the procedural history than was presented in the notice of motion and motion.

IT IS SO ORDERED.

DATED: May 16, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE