Michael A. Geibelson, Bar No. 179970
MAGeibelson@rkmc.com
Amy M. Churan, Bar No. 216932
AMChuran@rkmc.com
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2049 Century Park East, Suite 3400
Los Angeles, CA  90067-3208
Telephone:    310-552-0130
Facsimile:     310-229-5800

Attorneys for Plaintiff and Counter-Defendant
BEST BUY STORES, L.P.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| BEST BUY STORES, L.P., a Virginia limited partnership,<br><br>Plaintiff,<br><br>v.<br><br>MANTECA LIFESTYLE CENTER, LLC. a Delaware limited liability company,<br><br>Defendant. | Case No.  2:10-CV-00389-WBS-KJN<br><br>**JOINT STIPULATION AND [*PROPOSED*] ORDER RE: MOTIONS IN LIMINE AND TRIAL EVIDENCE** |
| MANTECA LIFESTYLE CENTER, LLC<br><br>Counter-Claimant<br><br>v.<br><br>BEST BUY STORES, L.P., a Virginia limited partnership,<br><br>Counter-Defendant | |

TO THIS HONORABLE COURT, ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS:

Plaintiff BEST BUY STORES, L.P., ("Best Buy") and Defendant MANTECA LIFESTYLE CENTER, LLC ("Manteca), collectively referred to as the "Parties," by and through their respective undersigned counsel, hereby stipulate and agree as follows:

WHEREAS, on April 2, 2012, Manteca filed its Statement on Estimate of Voir Dire and Motions in Limine (Dkt. 160) and Best Buy filed its Report Re: Motions in Limine and Voir Dire (Dkt. 161);

WHEREAS, on May 7, 2012 and thereafter, counsel for Best Buy and counsel for Manteca met and conferred regarding the substance of the Parties' motions *in limine*, as set forth in their respective reports to this Court regarding the Parties' proposed motions *in limine*;

WHEREAS, counsel for the Parties agreed to stipulate regarding certain proposed motions *in limine* and with respect to the presentment of evidence and witnesses at trial,

IT IS HEREBY STIPULATED AND AGREED by the Parties, and subject to the Court's approval, that:

1. Each party will limit its opening statement to a maximum of 75 minutes.

2. Without waiving other evidentiary objections, the parties stipulate to the authenticity of the exhibits identified by the parties on their Exhibit List.

3. Trial Exhibit No. 593 is a true and authentic copy of Poag and McEwen's web page that was posted on the Internet in February 2009 before Best Buy opened.

4. Best Buy opened its store on February 27, 2009.

5. The parties shall not introduce any evidence, argument, and/or testimony concerning the content of any articles, seminar or symposium materials from the International Council of Shopping Centers ("ICSC") or any other similar source (e.g. Exhibit 237 to the Deposition of Michael Di Geronimo) on the ground that such evidence and/or testimony constitutes inadmissible hearsay and improper expert opinion. This stipulation does not apply to dictionary definitions, including but not limited to those contained in the ICSC Dictionary of Shopping Center Terms, and other authoritative sources permitted to be admitted pursuant to

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

60587142.6
60592681.1

- 2 -   STIPULATION RE MOTIONS IN LIMINE

Federal Rule of Evidence 803(18). Based on this stipulation Best Buy hereby withdraws its Motion in Limine No. 8 as set forth in Dkt. 161 and Manteca withdraws is Motion in Limine 10 as set forth in Dkt. 160.

6. The parties agree that with respect to the witnesses who both sides may be calling for their case in chief who will only be testifying once, the order of questioning will be (1) Direct examination, (2) Cross-examination and direct examination by the other party; (3) Redirect examination to the opening direct examination and cross-examination to the other party's direct; and (4) Redirect to the second direct, and thereafter such recross-examination and re-direct examination as the court may allow. Witnesses intended to be covered by this Paragraph include Kathryn Beine, Steve Craig, Alesia Kempe, Scott Kern, Jason Kraus, Pat Matre, Bud Moll, Josh Poag, Tricia Remus, John Sarokhan, Ross Schram, and Shirl Wills. This Paragraph does not apply to Melissa Moseley who is being presented in both parties' cases but testifying twice. Finally, this Paragraph does not apply to the remaining witnesses to be called separately by the parties.

IT IS SO STIPULATED.

DATED: May 29, 2012    **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By:  /s/Michael A. Geibelson
     Michael A. Geibelson
     Amy M. Churan

**Attorney For Plaintiff And Counter-Defendant Best Buy Stores, L.P.**

DATED: May 29, 2012    **GREENBERG TRAURIG, LLP**

By:  /s/Howard Jeruchimowitz
     Howard Jeruchimowitz

**Attorney For Defendant And Counter-Claimant Manteca Lifestyle Center, LLC**

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: May 30, 2012

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE