IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BEST BUY STORES, L.P., a Virginia
Limited Partnership,

        Plaintiff,           No. 2:10-cv-00389 WBS KJN

  v.

MANTECA LIFESTYLE CENTER,
LLC,

        Defendant.         ORDER
_____/

Presently before the court is Manteca Lifestyle Center, LLC's ("Manteca") motion to compel discovery purportedly related to the April 14, 2012 "News Release" announcing that Best Buy Stores, L.P. ("Best Buy") would be closing 50 of its approximately 1,100 domestic stores (Dkt. No. 170).[1]  Manteca seeks an order requiring Best Buy to do the following:

    (1)    produce a spreadsheet that lists the forecast and actual top line and incremental revenue, and the net profit, for the past three years of the 50 stores that were listed for closure in Best Buy's April 14, 2012 press release and of any additional stores, such as the nearby Tracy store, considered for closure since January 14, 2012;

---

[1] This matter proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

1

(2) produce a 30(b)(6) representative to testify on the store closings pursuant to the 30(b)(6) Notice; and

(3) allow Josh Poag, CEO and President of Manteca, to review solely for purposes of trial the financial information that Best Buy previously produced on certain of its stores, which Best Buy marked as "highly confidential" under the Protective Order in this case.

(Joint Statement re Discovery Disagreement at 4, Dkt. No. 185.) Manteca seeks such discovery approximately nine months after the close of discovery and on the eve of the June 12, 2012 trial in this case.

The court heard this matter on its June 7, 2012 law and motion calendar. Attorneys Marc Koenigsberg appeared on behalf of Manteca, and Rita M. Aliss Powers appeared on Manteca's behalf via telephone. Attorney Michael A. Geibelson appeared on behalf of Best Buy.

The undersigned has fully considered the parties' Joint Statement re Discovery Disagreement (Dkt. No. 185) and their respective counsel's oral arguments. As further explained during the June 7, 2012 hearing, the undersigned denies Manteca's motion to compel. First, the undersigned concludes that no "express stipulation of all parties" substantiates reopening discovery consistent with Section X of the Second Amended Final Pretrial Order[2] because, at a minimum: (1) the parties did not enter such a stipulation after entry of the operative Second Amended Final Pretrial Order; (2) the Joint Suggested Modifications to Final Pretrial Order were

---

[2] In relevant part, the Second Amended Final Pretrial Order provides:

X. Further Discovery and Motions

Except for motions in limine, no further motions shall be brought before trial except upon order of the court and upon a showing of manifest injustice. Fed. R. Civ. P. 16(e). *No further discovery will be permitted except by the express stipulation of all parties or upon order of the court and upon a showing of manifest injustice.* Id.

(Second Am. Final Pretrial Order at 7 (emphasis added), Dkt. No. 169.)

2

filed before entry of the Second Amended Final Pretrial Order, and the district judge did not ultimately adopt the proposed modifications to Section X in the Second Amended Final Pretrial Order, see Local Rule 143(b); and (3) Best Buy's counsel assented, albeit neglectfully, to the Joint Suggested Modifications to Final Pretrial Order on the basis of erroneous minutes docketed following the final pretrial conference.

Second, Manteca has not met its burden to show that it would suffer "manifest injustice" if discovery were not reopened.[3] Whether assessed under the "good cause" and "diligence" standards of Federal Rule of Civil Procedure 16(b)(4) and Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992), or the "manifest injustice" standard of Rule 16(e), Manteca is not entitled to the relief it seeks. As to Rule 16(b)(4)'s good cause standard, Manteca was not diligent in requesting modification of the scheduling order or seeking the subject discovery after it was put on notice, as early as the middle of 2011, of Best Buy's intent to terminate the lease in question, whether such notice arose through Best Buy's request for pleading-based relief relative to such termination or through Manteca's deposition of Best Buy's personnel. Manteca was not diligent, and, therefore, the good cause inquiry ends. See Johnson, 975 F.2d at 609.

In terms of "manifest injustice,"[4] Manteca's lack of diligence again militates against granting the requested relief. Additionally, Best Buy would be prejudiced if discovery

---

[3] Of note, Manteca did not actually file a motion to modify the scheduling order or the Second Amended Final Pretrial Order. Instead, it merely filed a motion to compel discovery, without recognition that the requested discovery, of necessity, would require significantly more discovery and continuing the trial.

[4] In evaluating whether "manifest injustice" warrants modification of a final pretrial order, the court considers the following four factors: "(1) the degree of prejudice or surprise to the [non-moving party] if the order is modified; (2) the ability of the [non-moving party] to cure the prejudice; (3) any impact of modification on the orderly and efficient conduct of the trial; and (4) any willfulness or bad faith by the party seeking modification. Galamez v. Potter, 415 F.3d 1015, 1020 (9th Cir. 2005). The court notes that the case from which these factors was derived appears to state a somewhat different formulation of the first two factors. See United States v. First Nat'l Bank, 652 F.2d 882, 887 (9th Cir. 1981). In any event, this difference is not material because the list of factors is not exhaustive.

were reopened approximately five days prior to the beginning of trial to permit Manteca to conduct the requested, expansive discovery. Best Buy, and no doubt Manteca, are in the process of preparing for trial, and the conduct of additional expansive discovery at this late date would have a significant impact on the orderly and efficient conduct of the trial, as well as the court's and the parties' preparation for trial. Accordingly, the undersigned denies Manteca's motion to the extent it is based on manifest injustice.

Finally, the undersigned denies Manteca's request for an order permitting Josh Poag, Manteca's President and Chief Executive Officer, to review Best Buy's previously disclosed financial information marked "Highly Confidential – Attorneys' Eyes Only" pursuant to Section 7.3 of the parties' Revised Stipulated Protective Order (Dkt. No. 30, amended by Dkt. Nos. 68 and 70).[5] The parties' Revised Stipulated Protective Order prohibits such disclosure to Poag whether made to Poag in his role as President and CEO of Manteca or as Manteca's rebuttal expert. (See Revised Stipulated Protective Order §§ 2.12, 7.3.) Notably, Manteca's motion is a motion to compel and not a motion to modify the Revised Stipulated Protective Order. Accordingly, Manteca's requested relief is not properly before the court. Regardless, Manteca was not diligent in seeking relief relative to the Revised Stipulated Protective Order—Manteca seeks relief concerning *previously* disclosed financial documents, and Manteca has presented no justifiable reason for its lack of diligence in seeking such relief on the eve of trial.

////

////

////

////

---

[5] The undersigned notes that Manteca did not seek such relief relative to Poag when it filed its original motion to compel on April 24, 2012. (See Mot. to Compel at 1-3, Dkt. No. 164.) The court denied Manteca's motion to compel without prejudice on procedural grounds (Order, Apr. 26, 2012, Dkt. No. 166), and *then* Manteca added the request related to Poag in its motion to compel re-filed on May 15, 2012, approximately 21 days after Manteca filed the original motion to compel.

Accordingly, IT IS HEREBY ORDERED that defendant Manteca Lifestyle Center, LLC's motion to compel (Dkt. No. 170) is denied.

IT IS SO ORDERED.

DATED: June 7, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE